fIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAKIL N. BLAIR,** | : | |
| Plaintiff | : | No. 1:23-cv-01201 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **BOBBBY JO SALAMON, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Dakil N. Blair ("Plaintiff"), a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania. (Doc. No. 1.) He has commenced the above-captioned action by filing a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated at SCI Rockview.[1] (Id.) In accordance with the Prison Litigation Reform Act,[2] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint but without prejudice to him filing an amended complaint.

---

[1] To be clear, Plaintiff has marked on his form complaint that he is proceeding with a negligence action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Doc. No. 1 at 1.) The Court notes, however, that Plaintiff is a state prisoner who has sued numerous individuals all of whom appear to work for the DOC, a state agency. (Id. at 1, 2–3.) In addition, Plaintiff seeks monetary relief from these individuals based upon alleged violations of his constitutional rights. (Id. at 6.) Thus, the Court treats Plaintiff's complaint as one filed under Section 1983, not the FTCA. See Ziglar v. Abbasi, 582 U.S. 120, 130 (2017) (explaining that Section 1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights").

[2] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996).

I.      BACKGROUND

On July 19, 2023, Plaintiff filed his Section 1983 complaint against the following individuals, all of whom appear to be employed by the DOC and to have worked at SCI Rockview during the period of time relevant to his claims: (1) Bobby Jo Salamon, the superintendent; (2) Micheal Rowe, the deputy superintendent of correctional services; (3) Nikki Paul, the assistant superintendent; (4) Timothy Miller, a psychologist; and (5) "All Assisting Officers[,]" whom Plaintiff has identified as "Co1, Co2, Lt." (Doc. No. 1 at 1, 2–3.) In addition to the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) Following the Court's issuance of a Fifteen (15)-Day Administrative Order, Plaintiff filed his certified prisoner trust fund account statement on July 31, 2023. (Doc. Nos. 6, 7.) The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff states that the events giving rise to his Section 1983 claims occurred from "9-18-21" until "7-4-23." (Doc. No. 1 at 4.) And, in support of this statement, he sets forth a variety of allegations. (Id. at 4–5.) More specifically, Plaintiff alleges that when he was housed on G-B Cell 18, unidentified correctional officers would "entice" him to participate in violence with his cellmate, would "poison" his food, and would issue him "multiple misconducts[.]" (Id. at 4.) In addition, Plaintiff alleges that, when he was released from G-B Cell 18 to general population, he was "continuously harassed" by the "unit team" and "giv[en] another 30 days in the DTU[.]" (Id.) Plaintiff also seems to suggest that, around this same time, he received a "fabricated" misconduct for which he was found guilty and "sentenced to 60 days." (Id. at 5.) While he was serving this sentence, Plaintiff claims that he noticed his feces had "go[ne] from healthy to unhealthy or none at all." (Id.) Plaintiff also claims that he began

"saving" his feces for "comparisons" and put "his fieces [sic] in all cracks & crevices of [his] cell[.]" (Id.) As a result of doing this, Plaintiff was informed that he would be changing cells. (Id.) Plaintiff explains, however, that he refused to "go into cell G-B24[,]" which ultimately caused him to be "assulted [sic] by multiple officers[.]" (Id.) Plaintiff's allegations then delve into a discussion about: how "different drugs & medications" are being "practiced" and affecting him; how he believes that his fellow inmates and unidentified "officers" seem to know "personal information" about him; and how the "staff & inmates" in the "RTU" "resemble [his] family & friends as if they were cloned." (Id.)

In connection with all of these allegations, Plaintiff states that he has suffered from a "lose [sic] of social skills, PTSD, unknown damage to [his] body, head trauma, [and] long term effects yet to take action." (Id. at 6.) In addition, he sets forth various claims under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (Id.) As for relief, he seeks "monetary relief in gold, land, & property." (Id.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss

3

any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of

4

truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## III.   DISCUSSION

As discussed above, the Court treats Plaintiff's complaint as being filed pursuant to the provisions of Section 1983.  (Doc. No. 1.)  That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

Additionally, in order to plausibly state a claim under Section 1983, a plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his constitutionally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

"A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago, 629 F.3d at 128 (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

    Here, the Court finds that there is a complete absence of allegations in the complaint that would give rise to a plausible inference that any of the named Defendants were personally involved in an asserted deprivation of Plaintiff's constitutionally protected rights. While Defendants have been named in the complaint (Doc. No. 1 at 1, 2–3), they have not been mentioned or meaningfully discussed anywhere else in the body of the complaint. Without such allegations of personal involvement, the Court concludes that the complaint fails to plausibly state a Section 1983 claim upon which relief can be granted against Defendants.

    Additionally, without such allegations of personal involvement, the Court also concludes that the complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Rule 8 governs the general rules of pleading, and it requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are

and the grounds upon which those claims rest.  Erickson, 551 U.S. at 93.  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] "has to show such an entitlement with its facts."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

Here, although the complaint broadly asserts that Defendants violated Plaintiff's First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, it does not show how Defendants were personally involved in those asserted violations.  As a result, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct on their part gives rise to Plaintiff's claims.  Accordingly, because the complaint does not provide fair notice of the grounds upon which Plaintiff's claims rest, the Court concludes that the complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure.  See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

The final issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a

proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified above. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will also grant Plaintiff leave to file an amended complaint. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania